UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| EUGENE R. ROBINSON, | ) | CIV. 08-4084 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JANET NAPOLITANO, Secretary, | ) | DENYING DEFENDANT'S |
| Department of Homeland Security, | ) | MOTION TO COMPEL |
| Transportation Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This case is before the court on *pro se* plaintiff Eugene R. Robinson's employment discrimination claim against defendant, Janet Napolitano, as the Secretary of the Department of Homeland Security, Transportation Security Administration (hereinafter "the government"). The government filed a motion seeking to compel Mr. Robinson to provide certain discovery. See Docket No. 24. The district court, the Honorable Karen E. Schreier, Chief Judge, referred that motion to this magistrate judge for a decision. See Docket No. 27.

## FACTS

At the outset, the court notes that, although Mr. Robinson appears *pro se* in this matter, he is a licensed attorney with experience in federal civil cases. Mr. Robinson was the attorney of record for his wife, Carol Robinson, in her employment discrimination claim against the United States Postal Service.

See Robinson v. Potter, Civ. No. 03–4128, 394 F. Supp. 2d 1116, 1127 (D.S.D. 2005), aff'd, 453 F.3d 990 (8th Cir. 2006).

Mr. Robinson also filed an employment discrimination lawsuit against the United States Postal Service in his own right and represented himself in that lawsuit. See Robinson v. Potter, Civ. No. 08-4003. That case was dismissed with prejudice on February 13, 2009, on stipulation of both parties.

In addition, Mr. Robinson appears as the attorney of record in one other civil case in federal court, Civ. No. 04-1016, American Prairie Construction Co. v. Hoich, (D.S.D), aff'd in part, rev'd. in part, 560 F.3d 780 (8th Cir. 2009), in which Robinson represented the defendant, John Hoich. Therefore, the court finds that the usual legal rule requiring liberal construction of the pleadings of *pro se* plaintiffs does not apply to Mr. Robinson in this case. He can be expected to be as knowledgeable as government counsel in the conduct of civil litigation in federal court.

Mr. Robinson alleges in his complaint that the government hired him as a supervisory Transportation Security Administration ("TSA"), employee for the airport at Sioux Falls, South Dakota, on November 2, 2002. Robinson asserts that he successfully completed training and on-the-job training, carried out by AIS/Boeing (hereinafter "Boeing"), under contract with TSA. Robinson further alleges that, following his training, the government refused to place him in the

supervisory position for which he was hired, instead placing him in one of the lowest-ranking positions at the Sioux Falls airport.

Robinson also asserts that, during training, a TSA employee–trainee named Brent Kress was sexually harassed by a Boeing trainer. Mr. Robinson asserts that he advised Mr. Kress and explained his rights to him, but did not represent Mr. Kress as his attorney. Mr. Robinson asserts that Boeing employees made comments to him that they were "disturbed" by Robinson's involvement with the Kress claim. Mr. Robinson then claims to himself have been the subject of sexual harassment by a Boeing trainer. Eventually, Mr. Robinson asserts, TSA fired him. Although Mr. Robinson never sets forth his separate claims as such in his complaint, he appears to assert claims of age discrimination, sexual harassment, and retaliation.

The government answered Mr. Robinson's complaint, asserting defenses of failure to state a claim, failure to exhaust administrative remedies, failure to mitigate damages, and failure to timely assert claims. A motion for summary judgment is now pending in which the government argues that it is entitled to judgment as a matter of law on many of these grounds.

The instant motion to compel concerns discovery requests that the government served on Mr. Robinson on December 18, 2008. After receiving communication from the government on April 8, 2009, asking that he respond to the outstanding discovery, Mr. Robinson provided initial responses on April

3

13, 2009. On April 14, 2009, the very next day, the government again communicated with Mr. Robinson that it believed his discovery responses were inadequate and deficient. Mr. Robinson responded by providing additional information on April 20, 2009. After receiving Mr. Robinson's amended discovery answers, the government filed its motion to compel on the next day, April 21, 2009.

The government seeks the court's order compelling Mr. Robinson to provide additional answers to interrogatory numbers 1, 5, 6, 10, 11, 12, 15, and 18. Mr. Robinson opposes the motion to compel on the grounds that the government did not comply with the condition precedent of meeting and conferring with him prior to filing the motion.

## DISCUSSION

A motion to compel answers to interrogatories or requests for the production of documents is governed by Fed. R. Civ. P. 37. That rule provides in pertinent part as follows:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

See Fed. R. Civ. P. 37(a)(1).

Likewise, the local rules in this district require a movant to attempt to informally resolve matters with his or her opponent before filing a discovery motion:

> No objection to interrogatories, or to requests for admissions, or to answers to either relating to discovery matters shall be heard unless it affirmatively appears that counsel have met, either in person or by telephone, and attempted to resolve their differences through an informal conference. Counsel for the moving party shall call for such conference before filing any motion relating to discovery matters. . . .

See D.S.D. LR 37.1.

In this case, the government provided documentation that on April 8, 2009, it sent a letter to Mr. Robinson notifying him that his discovery responses were past due. Thereafter, Mr. Robinson provided his initial responses to the government's discovery requests on April 13.

The government then sent another letter on April 14, 2009, notifying Mr. Robinson that it found his discovery responses to be deficient and outlining why the government felt those discovery responses were deficient. Thereafter, Mr. Robinson provided amended discovery responses on April 20. Without further conference between the parties, the government filed the instant motion to compel.

Mr. Robinson's familiarity with the meet-and-confer requirement comes from first-hand experience. In the case of Robinson v. Potter, 453 F.3d 990 (8th Cir. 2006), Mr. Robinson, the plaintiff in this case, was the lawyer representing

his wife, Carol Robinson, in an employment discrimination claim.  Id.  The United States Attorney's Office in Sioux Falls, South Dakota, which currently represents the government in this case also represented the defendant in Mrs. Robinson's case.  See Robinson v. Potter, Civ. No. 03-4128.  In Mrs. Robinson's case, Mr. Robinson made a motion to compel the government to provide discovery.  The district court denied the motion because Robinson did not affirmatively show that he had attempted in good faith to resolve the discovery dispute with government counsel before filing his motion.  Robinson, Civ. 03-4128, Docket No. 61 (D.S.D. December 21, 2004).  The Eighth Circuit affirmed this decision on appeal.  Robinson, 453 F.3d at 994-995.

Other cases put "flesh on the bone" of the meet-and-confer requirement.  The certification mentioned in Rule 37 must include "the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any."  Shuffle Master, Inc. v. Progressive Gams, Inc., 170 F.R.D. 166, 170-171 (D. Nev. 1996).  "Good faith" requires that the parties made a genuine attempt to resolve the discovery dispute without involving the court.  Id.  Finally, "conferment" requires the parties "to have had an actual meeting or conference."  Id.  Hence, prior to making a motion to compel, "a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute

6

in a genuine effort to avoid judicial intervention." Id. Unilaterally sending correspondence demanding that the other side comply with a discovery request does not satisfy the requirement. Id. at 172.

Thus, where there is no legitimate reason for expediency, counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement. Alexander v. Federal Bureau of Investigation, 186 F.R.D. 197, 198-199 (D.D.C. 1999). Nor is the meet-and-confer requirement rendered moot merely because when counsel did file the discovery motion it was opposed by the other party. Id. The purpose of the meet-and-confer requirement is to "force litigants to attempt to resolve, or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion." Id. at 199.

Nor is the meet-and-confer requirement satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests. Bolger v. District of Columbia, 248 F.R.D. 339, 343-344 (D.D.C. 2008). Likewise, in Ross v. Citifinancial, Inc., 203 F.R.D. 239 (S.D. Miss. 2001), the court specifically held that sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the prerequisite of a certification of having conferred in good faith. Id. at 239-240. The court noted that the requirement was not "an empty

formality," and that, in a large number of cases, obliging the attorneys to meet and confer resulted in resolution of the discovery dispute. Id.

The decision in Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 456 (D. Kan. 1999), illustrates how fact-dependent the inquiry is. In that case, four telephone calls by the movant on a motion to compel were not enough to satisfy the meet-and-confer requirement where all four calls took place while opposing counsel was out of the country on vacation. Id. at 458-459. As the court explained, the meet-and-confer requirement is intended to require counsel to "converse, confer, compare views, consult and deliberate." Id. at 459. Therefore, sending a letter or making an oral request that simply demands compliance with the discovery request generally does not satisfy the meet-and-confer requirement. Id. The court frowned upon the movant's setting of an arbitrary deadline for the filing of a motion to compel because the facts showed that the parties were not at impasse. Id. They had yet to engage in a discussion of the genuineness of the opposing party's objections, what, if any, documents the discovering party was reasonably capable of producing, and what specific, genuine issues remained that could not be resolved without the court's intervention. Id.

In RLI Insurance Co. v. Conseco, Inc., 477 F. Supp. 2d 741 (E.D. Va. 2007), a party was being deposed and refused to answer nine questions during the deposition on the basis of attorney-client privilege or work product

doctrine. Id. at 745. The deposing party sought an order compelling the deponent to answer the questions. Id. The party who had refused to answer argued that the motion to compel should be denied because the movant had failed to comply with the meet-and-confer requirement prior to filing the motion. Id. at 745-746. The court found that the movant had satisfied the meet-and-confer requirement by making several suggestions for compromise, both by telephone contact and by letter, and by supplying the resisting party with a list of the specific questions the movant would be seeking to compel. Id.

On the other hand, courts have, in very limited circumstances, excused a moving party's failure to satisfy the meet-and-confer requirement. In Freiria Trading Co. v. Maizoro S.A. de C.V., 187 F.R.D. 47 (D.P.R. 1999), the court excused the movant's failure to satisfy the meet-and-confer requirement where the opposing party's conduct was not just a refusal to provide requested discovery, but also constituted a direct violation of an order from the court. Id. at 48. See also Bolger, 248 F.R.D. at 343-344 (excusing the failure of the movant to satisfy the meet-and-confer requirement because of the long-standing record of the opposing party's refusal to comply with both the plaintiff's requests and the court's specific orders to produce certain discovery).

In Oleson v. Kmart Corp., 175 F.R.D. 570 (D. Kan. 1997), the court excused the movant's failure to meet and confer before filing a motion to compel where it was apparent to the court based on the number and tenor of

discovery disputes which were the subject of the motion that it was unlikely the parties would have resolved their differences. Id. at 571.

Applying these guidelines to the facts at issue, the court concludes that the government has not satisfied the meet-and-confer requirement. It is undisputed that the government did not confer in any way with Mr. Robinson between the time the government received his amended discovery answers on April 20 and the time the government filed its motion to compel on April 21st. Nor is there a "track record" showing that conferment with Mr. Robinson would have been futile. Although progress has been made in fits and starts, every time in the past when the government conferred with Mr. Robinson, he addressed the government's concerns and provided additional information. When the government did confer with Mr. Robinson in the past, he was prompt to respond, as he did on April 13th and again on April 20th. There is no reason to believe that he would not have done so again had the government contacted Mr. Robinson after receiving his April 20th responses.

This is particularly true as regards the blank disc that was to have contained discovery. One of the subjects of the government's instant motion to compel was that Mr. Robinson turned over a disc that was to have contained discovery, but the disc was blank. Mr. Robinson's response to the government's motion to compel expresses incredulity over this assertion by the government. Obviously, Mr. Robinson either supplied the government with an

unintended disc, or the disc was inadvertently erased. Either way, had the government notified Mr. Robinson of the problem, he could have supplied a new disc with the discovery on it.

Furthermore, the court notes that, unlike the Freiria and Bolger cases, there is no record in this case of Mr. Robinson violating orders from the court to turn over discovery, so the court finds no basis to excuse the government's compliance with the meet-and-confer prerequisite. Accordingly, the court denies the government's motion for failing to satisfy the meet-and-confer requirement.

Having so decided, the court cautions Mr. Robinson that this is not a game. Both parties should meet and make genuine efforts to resolve their differences over this disputed discovery. The court will not hesitate to enter sanctions if either party takes an obtructionist or unreasonable position with regard to discovery. Furthermore, the court notes that, as an attorney, Mr. Robinson is an officer of the court with a duty of candor to the court. Disciplinary actions can ensue for attorneys who abuseg legal processes without a reasonable basis in law or fact for their actions.

## CONCLUSION

Based on the foregoing discussion, the court hereby

ORDERS that the motion to compel by the government [Docket 24] is denied without prejudice to the government's ability to renew such motion after

11

satisfying the condition precedent of conferring with Mr. Robinson in a *good faith* effort to resolve the outstanding discovery disputes between the parties.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a). Failure to file timely objections will result in the waiver of the right to appeal matters not raised in the objections. Id. Objections must be timely and specific in order to require review by the district court.

Dated June 4, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE